**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 22-150** |
| **SHAWN P. MAJOR, JR.** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* defendant Shawn P. Major, Jr.'s ("Major") motion "of constitutional challenge of a statute, affirmative defense & denials for relief."[1] The government opposes the motion.[2] For the reasons below, the Court denies the motion.

### I.       FACTUAL BACKGROUND

In this matter, Major is charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, possession with intent to distributed fentanyl, cocaine hydrochloride, cocaine base and methamphetamine, Schedule II controlled substances, and heroin and marijuana, Schedule I controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D), being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of firearms by a person with a conviction of domestic violence in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2).[3]

---

[1] R. Doc. No. 62.
[2] R. Doc. No. 73.
[3] R. Doc. No. 14.

Major was previously represented by counsel, but is now proceeding *pro se*.[4]

Standby counsel has been appointed.[5] In the instant motion, Major "call[s] into

question the constitutionality of" 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 21 U.S.C. §

841(b)(1)(B), 21 U.S.C. 841(b)(1)(C), 21 U.S.C. 841(b)(1)(D), 18 U.S.C. § 922(g)(1),[6] 18

U.S.C. 922(g)(9), and 18 U.S.C. § 924(a)(2).[7] He also argues that "there was no

warrant for the location [he] was arrested at" and that "the officers' actions violated

[his] constitutionally protected" rights.[8] He further argues that his rights were

violated because the government failed "to establish a reasonable timeline for a

probable cause hearing through judicial decisions within 48 hours of arrest."[9] Major

requests "full Acquittance and Discharge for all purposes."[10]

## II.   LAW & ANALYSIS

### a.  Constitutionality of the Challenged Statutes

A challenge to the constitutionality of a statute may be either facial or as-

applied. "To establish an as-applied challenge, the defendant must show the

---

[4] R. Doc. Nos. 61, 70.
[5] R. Doc. No. 70.
[6] Major's motion references "18 U.S.C. 924m(g)(1)," which does not exist. The Court assumes that Major intended to reference 18 U.S.C. § 922(g)(1), with he is charged. The Court also notes that Major references several civil rules and a statute that have no relevance to the instant motion. R. Doc. No. 62, at 3 (referencing Federal Rules of Civil Procedure 12(b)(6) and 8(c)(1), and 50 U.S.C. § 4305, which appears in the portion of the U.S. Code governing war and national defense and is titled "Suspension of provisions relating to ally of enemy; regulation of transactions in foreign exchange of gold or silver, property transfers, vested interests, enforcement and penalties").
[7] R. Doc. No. 62, at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 3.

application of the challenged statute to the facts of his case would violate his constitutional rights." *United States v. Simien*, --- F. Supp. 3d ---, 2023 WL 1980487, at \*4 (W.D. Tex. Feb. 10, 2023) (citation omitted). "To sustain a facial challenge [to a statute], 'the challenger must establish that no set of circumstances exists under which the [statute] would be valid.'" *United States v. McGinnis*, 956 F.3d 747, 752, (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)), *abrogation recognized on other grounds*, *United States v. Rahimi*, 61 F.4th 443, 450 (5th Cir. 2023).

Major does not specify whether he intends to challenge the statutes facially or as-applied. Either way, however, Major provides no argument or reasoning to support his motion in this respect. He attaches to his motion a copy of the U.S. Constitution and requests that the Court "take judicial notice of" that exhibit, but does not explain how or why any of the referenced statutes, in his view, violate the Constitution. Even construing Major's *pro se* motion liberally, as the Court must, the Court can identify no basis for finding that any of the statutes referenced are unconstitutional. Major has shown neither that the challenged statutes, applied to the facts of this case, would violate his constitutional rights nor that no circumstances exist pursuant to which which the statutes would be valid. *McGinnis*, 956 F.3d at 752; *Simien*, 2023 WL 1980487, at \*4. Accordingly, his challenge to the constitutionality of the statutes with which he is charged will be denied.

### b. Alleged Warrantless Search and Arrest

As noted, Major also argues that there was no warrant for the location in which he was arrested, and that there was no warrant for his arrest. Major provides no

further factual background for these allegations. In its response, the government states that law enforcement did have a warrant to search the 1702 Aubry Street residence where Major was arrested on June 29, 2022. The government also provided the search warrant as an exhibit to its response.[11] Major's allegation that there was no warrant for the location in which he was arrested is contradicted by the search warrant provided by the government. Moreover, Major provides no support or factual background for his allegation. The Court therefore cannot conclude that the search of the residence was improper.[12]

The affidavit in support of a criminal complaint against Major states that, when the warrant was executed, "agents observed Major Jr. inside the residence in the area of the laundry room" and he "was making a movement consistent with tossing an object into the laundry room."[13] The affidavit further states that the agents located a stolen handgun in the laundry room area.[14] It further states that, during the search of the residence, agents found quantities of methamphetamine, crack cocaine, heroin, fentanyl, and marijuana, and that "all of the seized narcotics [were] located in close proximity to the area in which agents observed Major Jr. with the aforementioned stolen firearm he was observed discarding.[15] Major was then arrested.

---

[11] R. Doc. No. 73-1.
[12] Major does not allege that the warrant was in any way deficient or not in compliance with applicable law.
[13] R. Doc. No. 1, at 3.
[14] Id.
[15] Id. at 3–4.

The government agrees with Major that agents did not have a warrant for Major's arrest, but it argues that the agents nevertheless had probable cause to arrest Major. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Lincoln v. Turner*, 874 F.3d 833, 842 (5th Cir. 2017) (quotation and citation omitted).

According to the facts in the affidavit—which Major neither disputes nor contradicts—Major was arrested after being observed throwing an item into a laundry room where a stolen firearm was subsequently recovered and where narcotics were found in close proximity. These facts constituted information "sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.*; *see also United States v. Acosta*, No. 16-164, 2017 WL 635111, at *3 (M.D. Pa. Feb. 16, 2017) ("The existence of a discarded gun is sufficient for a prudent person to conclude that Acosta had committed a crime.") *aff'd*, 751 F. App'x 201 (3d Cir. 2018).

Moreover, on July 14, 2022, after Major was arrested, he was indicted.[16] "[A]n indictment constitutes a final determination of the existence of probable cause in a

---

[16] R. Doc. No. 14. Because Major was indicted, the preliminary hearing, originally scheduled for July 15, 2022, was not held. *See* Fed. R. Crim. P. 5.1(a)(2).

criminal case." *McGrew v. Duke*, No. 11-3559, 2012 WL 556180, at \*1 (N.D. Tex. Jan. 23, 2012) (citing Gerstein, 420 U.S. at 117 n.19). Accordingly, Major's motion will be denied in this respect.[17]

### c.  Alleged Untimely Determination of Probable Cause

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). That determination must generally be made within 48 hours of arrest, although a hearing held within that time "may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.*

Major fails to provide any evidence to support his allegation that the government failed to hold his probable cause hearing within a reasonable time. As stated, Major was arrested on June 29, 2022. On June 30, 2022, the government filed its criminal complaint with attached affidavit, and a federal magistrate judge issued an arrest warrant that same day.[18] By issuing that arrest warrant, the magistrate judge made a judicial finding that probable cause existed for Major's arrest. *See* Fed.

---

[17] The denial of the instant motion does not preclude Major from filing any subsequent motions to suppress evidence on the basis of unreasonable search or seizure, should there be facts to support such a motion.
[18] R. Doc. No. 2.

R. Crim. P. 4(a) ("If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."). Major points to no circumstances indicating that this determination was unreasonably delayed. Accordingly, Major's motion will be denied in this respect.

### III.   CONCLUSION

**IT IS ORDERED** that Major's motion is **DENIED**.

New Orleans, Louisiana, June 21, 2023.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**