UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 22-150 |
| SHAWN P. MAJOR, JR. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] by *pro se* defendant Shawn P. Major, Jr., ("Major"), which the Court construes as a motion to suppress evidence. The government opposes the motion.[2] For the reasons below, the Court denies the motion.

I.  FACTUAL BACKGROUND

In this matter, Major is charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846; possession with intent to distribute fentanyl, cocaine hydrochloride, cocaine base and methamphetamine, Schedule II controlled substances, and heroin and marijuana, Schedule I controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D); being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of firearms by a person with a conviction of domestic violence in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2).[3]

---

[1] R. Doc. No. 81.
[2] R. Doc. No. 83.
[3] R. Doc. No. 14.

Major was previously represented by counsel, but is now proceeding *pro se*.[4] Standby counsel has been appointed.[5] The Court recently denied Major's motion challenging the constitutionality of the statutes under which he is charged, alleging that there was no search warrant for the location where he was arrested, and arguing that the government failed to hold a probable cause hearing within a reasonable time after his arrest.[6] As relevant here, in its opposition to that motion, the government provided a copy of the search warrant for 1702 Aubry Street, the location where Major was arrested.[7]

In the instant motion, Major appears to revise his allegation regarding the lack of a search warrant, stating that "the order of search that [authorities] use[d] to raid 1702 [Aubry] Street was [for] a completely differ[e]nt address[.]"[8] Major explains that he "understand[s] that they had an order of search for 1702 [Aubry] Street, [b]ut that was not the order of search that was used for [Aubry] Street."[9] He asks the Court to "take that into consideration when ruling on [his] motion" and argues that it "proves violation of said trespass, [and] illegal search of seizure."[10] Major attaches to his motion an email from his former counsel asking the government to provide a copy of the search warrant for 1702 Aubry Street.[11]

---

[4] R. Doc. Nos. 61, 70.
[5] R. Doc. No. 70.
[6] R. Doc. No. 78.
[7] R. Doc. No. 73-1.
[8] R. Doc. No. 81, at 1.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 2.

## II. LAW & ANALYSIS

Generally, law enforcement must obtain a search warrant prior to searching a residence. *Lange v. California*, 141 S. Ct. 2011, 2017 (2021) (stating that the Fourth Amendment "generally requires the obtaining of a judicial warrant before a law enforcement officer can enter a home without permission" (quotation and citation omitted)). In the instant motion, Major does not dispute that law enforcement had a search warrant for the location where he was arrested.[12] He merely argues that they left the incorrect search warrant at that location after executing it, and that this renders the search of the residence unlawful under the Fourth Amendment.[13]

The Court has located no authority supporting the proposition that leaving the incorrect search warrant behind after a home is searched pursuant to a valid warrant violates the Fourth Amendment. Assuming without deciding that the officers mistakenly left the incorrect warrant behind after searching 1702 Aubry Street,[14] the

---

[12] The government attached a copy of the search warrant for 1702 Aubry address to its response to the instant motion. R. Doc. No. 83-2. Major does not argue that the warrant is legally deficient.

[13] As noted, Major requests that the Court "take [this] into consideration when ruling on [his] motion." R. Doc. No. 81, at 1. It is unclear to the Court whether Major means to refer to the instant motion or the previously filed motion, which the Court has already denied. To the extent that Major seeks reconsideration of the Court's denial of his previous motion, that request is denied. "Reconsideration is appropriate only where the movant points to an intervening change in controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact in the court's original ruling. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citation omitted); *United States v. Batiste*, No. 06-145, 2021 WL 2338217, at *1 (E.D. La. June 8, 2021) (Lemmon, J.) (applying the same standard in the criminal context). Major has not made any of these showings.

[14] The government does not concede Major's version of the facts. R. Doc. No. 83, at 3.

Court finds that suppression of the evidence found there is not warranted.[15] Major does not dispute that the residence where he was arrested was subject to a valid search warrant. Accordingly, the Court finds that the evidence found in that residence should not be suppressed.

### III.   CONCLUSION

**IT IS ORDERED** that Major's motion is **DENIED**.

New Orleans, Louisiana, July 7, 2023.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15] Major does not specify what evidence he moves to suppress, though the government states that quantities of methamphetamine, crack cocaine, heroin, fentanyl, and marijuana, in addition to a stolen firearm, were recovered from the residence. *Id.* at 2.