UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-150** |
| **SHAWN P. MAJOR, JR.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant Shawn P. Major, Jr., ("defendant") to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The government filed a response in opposition.[2] Defendant then filed a reply.[3] For the reasons set forth below, the Court denies defendant's motion.

### I. BACKGROUND

Count 1 of the superseding bill of information charged defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[4] Count 2 charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[5] The superseding bill of information listed convictions for illegally carrying a weapon, second offense, pursuant to La. R.S. 14:95(C) and possession of heroin pursuant to La. R.S. 40:966(C)(1) as predicate felonies for defendant's § 922(g)(1) charge.[6] Defendant

---

[1] R. Doc. No. 217.
[2] R. Doc. No. 221.
[3] R. Doc. No. 222.
[4] R. Doc. No. 118, at 1.
[5] *Id.* at 2.
[6] *Id.* These felonies do not encompass all of defendant's extensive criminal history. The presentence investigation report ("PSR") states that, in addition to the above-mentioned predicate crimes, defendant was also convicted of, in chronological order, illegal carrying of a weapon, resisting an officer, domestic abuse battery, illegal

ultimately waived his right to indictment and pleaded guilty to both counts.[7] He did not file any pre-trial motions challenging the constitutionality of § 922(g)(1). The Court sentenced defendant to 87 months of imprisonment and 3 years of supervised release.[8]

Defendant filed an appeal challenging the sentence imposed by the Court.[9] He argued that the Court abused its discretion by failing to properly consider the factors set forth in 18 U.S.C. § 3553(a).[10] The Fifth Circuit dismissed the appeal because it found that defendant, as part of his plea agreement, had waived his right to appeal his sentence pursuant to 18 U.S.C. § 3742.[11]

Defendant then filed the instant motion.[12] He argues that he is entitled to relief with respect to his § 922(g)(1) conviction—being a felon in possession of a firearm—on two separate but interrelated grounds. First, defendant asserts that he received ineffective assistance of counsel.[13] He contends that his counsel's performance was deficient because of his counsel's failure to investigate the law.[14] He alleges that, as

---

possession of stolen things arising from a car theft, resisting an officer, aggravated flight from an officer, illegal carrying of a weapon, illegal possession of stolen things, and possession of marijuana less than 14 grams. R. Doc. No. 139, at 16–18. Notably, defendant's conviction for illegal possession of stolen things arising from a car theft was a felony conviction, as he was sentenced to two years of imprisonment, which was suspended, and two years of probation. *See id.* at 17. Defendant's objection to the PSR did not dispute his criminal history. *See* R. Doc. No. 138.

[7] R. Doc. No. 119.
[8] R. Doc. No. 150.
[9] R. Doc. No. 175.
[10] Fifth Cir. Case No. 24-30012, R. Doc. No. 30, at 10–13.
[11] Fifth Cir. Case No. 24-30012, R. Doc. No. 50.
[12] R. Doc. No. 217.
[13] R. Doc. No. 217-1, at 2–5.
[14] *Id.* at 4.

a consequence, he gave defendant incorrect legal advice when he counseled defendant to accept the government's plea offer.[15] In his view, this advice was erroneous because, in light of the U.S. Supreme Court's decisions in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), § 922(g)(1) is unconstitutional pursuant to the Second Amendment as applied to defendant.[16]

According to defendant, counsel should have filed "a motion to suppress the indictment" instead of advising defendant to accept the plea offer.[17] This failure allegedly prejudiced defendant because, had defense counsel "filed a motion to suppress the charging indictment," "it is more likely than not the Court would have dismissed the Indictment and Mr. Major would enjoy his Second Amendment right to be free from jail time."[18]

Defendant's second ground for relief involves several arguments, all of which relate to the constitutionality of § 922(g)(1).[19] First, he asserts that, out of constitutional concerns, § 922(g)(1) should be interpreted to require a more substantial nexus with interstate commerce than what is required by the "prevailing interpretation" of that statute.[20] For this reason, defendant contends that the Court violated Federal Rule of Criminal Procedure 11(b)(3) because the factual basis did not

---

[15] *Id.* at 3–4.
[16] *Id.* at 2.
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.* at 5–13.
[20] *Id.* at 5–6.

3

contain information establishing a more substantial nexus with interstate commerce.[21] In the alternative, defendant contends that relief is warranted because § 922(g)(1) is unconstitutional in that it exceeds Congress's powers pursuant to the Commerce Clause and/or violates the Second Amendment.[22]

The government asserts that defendant did not receive ineffective assistance of counsel because § 922(g)(1) does not violate the Second Amendment.[23] It also contends that defendant's interpretation of § 922(g)(1) is incorrect and therefore there was a factual basis for defendant's pleas in accordance with Rule 11(b)(3).[24] Finally, the government asserts that § 922(g)(1) does not exceed Congress's powers to regulate interstate commerce.[25]

## II. STANDARDS OF LAW

### a. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.

---

[21] *Id.* at 11–13.
[22] *Id.* at 6–11.
[23] R. Doc. No. 221, at 4–6.
[24] *Id.* at 6–8.
[25] *Id.* at 6–7.

1980). However, courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). An evidentiary hearing is required unless it is "conclusively" evident from the filings that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).

### b. Ineffective Assistance of Counsel

"An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024) (internal quotation marks and citation omitted). Claims for ineffective assistance of counsel are governed by the two-part standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a defendant "must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *See Owens*, 94 F.4th at 486.

Counsel's assistance is deficient if it "fell below an objective standard of reasonableness." *Id.* (internal quotation marks and citation omitted). Judicial scrutiny of counsel's performance is "highly deferential" and applies a "strong presumption" that counsel's assistance was reasonable. *See Strickland*, 466 U.S. at 689. Deficient assistance of counsel prejudices a defendant if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. "A failure to establish either deficient

5

performance or resulting prejudice defeats the claim." *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).[26]

### III. ANALYSIS

The Court will now address defendant's grounds for relief in turn. Because the Court finds that defendant's filings conclusively fail to demonstrate his entitlement to relief, the Court will not order an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

#### a. Ineffective Assistance of Counsel

The Court concludes that defendant has not carried his burden to establish ineffective assistance of counsel. Without considering counsel's performance, the Court holds that defendant's claim fails because he has not demonstrated *Strickland* prejudice. *Cf. Chavez*, 193 F.3d at 378 (stating that districts courts need not consider both parts of the *Strickland* test to deny claims of ineffective assistance of counsel). In his motion, defendant argues that he was prejudiced because, had his counsel investigated the law and filed a "motion to suppress the indictment," the Court would have granted the motion and he would be free.[27] Therefore, the relevant inquiry here is whether defendant was prejudiced insofar as there is a reasonable probability that

---

[26] The Court notes that other districts courts have applied *Hill v. Lockhart*, 474 U.S. 52 (1985), in similar circumstances. *See, e.g.*, *Brown v. United States*, No. 122-cr-118, 2025 WL 728468, at *5 (S.D. Ga. Feb. 5, 2025), *United States v. Powell*, No. 22-cr-293 (CRC), 2024 WL 4502226, at *2 (D.D.C. Oct. 16, 2024); *Rangel-Ramirez v. United States*, No. 21-cr-123, 2024 WL 1543764, at *4 (N.D. Tex. Apr. 9, 2024). However, the Court questions whether *Hill* applies in these circumstances because defendant is claiming that he was prejudiced insofar as he would not have been prosecuted had his counsel been effective rather than because he would have insisted on going to trial.

[27] R. Doc. No. 271-1, at 4.

the Court would have granted a motion to dismiss Count 2 of the superseding information had the motion been filed by defense counsel. Defendant fails to meet his burden to demonstrate as much, as the Court concludes that § 922(g)(1) may be constitutionally applied to defendant.

In *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), the Fifth Circuit addressed the constitutionality of § 922(g)(1) for the first time in light of the Supreme Court's decisions in *Bruen* and *Rahimi*. The Fifth Circuit stated that the Second Amendment applies to felons. *Id.* at 466. Consequently, § 922(g)(1) is not universally constitutional in application merely because it targets felons. *See id.* Where the Second Amendment applies, the government bears the burden "to demonstrate that regulating [the] possession of a firearm is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 467 (internal quotation marks and citation omitted). In the specific context of an as-applied challenge to the constitutionality of § 922(g)(1), "the government must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to [the defendant's]." *See id.*

The *Diaz* court also clarified how to discern a relevant historical tradition of firearm regulation. The government need only "identify a well-established and representative historical analogue, not a historical twin," that is "relevantly similar to the challenged law." *Id.* (internal quotations and citation omitted). "In assessing similarity, [courts] consider whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is

7

comparably justified." *Id.* (internal quotation marks and citation omitted). Relevant here, the Fifth Circuit has stated that the regulation of persons who "pose[] a threat to public safety and the orderly functioning of society . . . is consistent with this Nation's historical tradition of firearm regulation." *United States v. Schnur*, No. 23-60621, 2025 WL 914341, at *4 (5th Cir. Mar. 26, 2025) (internal quotation marks and citation omitted).

In this case, the felonies underlying defendant's § 922(g)(1) conviction are the illegal carrying of a weapon, second offense, and possession of heroin.[28] The Court therefore must determine whether these drug and gun felonies serve as a basis to regulate defendant's possession of firearms consistently with the Second Amendment.[29] Alone, defendant's felony conviction for possession of heroin demonstrates a significant enough danger to public safety to constitutionally justify

---

[28] R. Doc. No. 118, at 2.

[29] The Court notes that it may be permissible to consider the entirety of defendant's criminal history as opposed to solely the predicate offenses underlying his § 922(g)(1) conviction. *See United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024) ("When evaluating a defendant's as-applied challenge, we may consider a defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction." (internal quotation marks and citation omitted)). At least one district court within the Fifth Circuit has done as much. *See, e.g.*, *United States v. Heard*, No. 20-cr-0291, 2025 WL 562725, at *3 (W.D. La. Feb. 19, 2025) (considering the defendant's criminal history as identified in the PSR). Since the Court concludes that defendant's predicate offenses alone justify the application of § 922(g)(1) to him, the Court need not consider his other criminal history. However, the Court does note that defendant's prior felony conviction for car theft is significant as the Fifth Circuit has held that felons convicted of car theft may be disarmed consistently with this Nation's historical tradition of firearm regulation. *See United States v. Diaz*, 116 F.4th 458, 468–69 (5th Cir. 2024) ("Those colonial-era laws correspond to the law against theft of a vehicle that serves as a predicate offense for Diaz's § 922(g)(1) charge. They establish that our country has a historical tradition of severely punishing people like Diaz who have been convicted of theft.").

the application of § 922(g)(1).[30] *See, e.g.*, *United States v. Ballman*, No. 23-cr-171, 2025 WL 343317, at *5 (S.D. Ind. Jan. 29, 2025) ("While drug possession is less severe than trafficking, both are connected to dangerousness."); *United States v. Mack*, No. 24-cr-244, 2025 WL 221808, at *3 (W.D. La. Jan. 16, 2025) ("Here, Mack's prior drug-related felonies alone establishes the requisite nexus to public safety.); *United States v. Patino*, No. 24-cr-60, 2024 WL 5010146, at *6 (W.D. Tex. Nov. 26, 2024) ("In the instant case, Patino's predicate felony drug conviction reveals that he may pose a comparable risk of violence or other danger to public safety." (internal quotation marks and citation omitted)); *United States v. Hurd*, No. 22-cr-50026, 2024 WL 4604501, at *1 (N.D. Ill. Oct. 29, 2024) ("Hurd's possession of a controlled substance is especially troubling, as the presence of drugs increases the likelihood of violent and erratic behavior—thus, his risk to the community.*")*; *United States v. Levasseur*, No. 22-cr-155, 2024 WL 3358221, (D. Me. July 9, 2024).

Defendant's gun conviction serves only to heighten the level of danger he poses. Together, defendant's drug and gun convictions form a perilous combination constitutionally justifying the application of § 922(g)(1) to him. *See, e.g.*, *United States v. Wilson*, No. 22-cr-238, 2024 WL 4436637, at *5 (E.D. La. Oct. 6, 2024) (Long, J.) ("Here, Wilson's predicate felony drug-and-gun convictions reveal that Wilson may

---

[30] Further, the Court notes that § 922(g)(1) is also constitutional as applied to defendant on the ground that disarming those convicted for possession of a controlled substance is relevantly similar to this Nation's historical tradition of disarming those convicted of possessing contraband. *See United States v. Staeger*, No. 24-cr-108, 2025 WL 605053, at *2 (S.D. Miss. Feb. 25, 2025); *United States v. Landrum*, No. 24-cr-63, 2024 WL 4806486, at *1 (S.D. Miss. Nov. 15, 2024); *United States v. Sampson*, No. 24-cr-00266, 2024 WL 4418299, at *4 (D. Ariz. Oct. 4, 2024).

9

pose a comparable risk of violence or other danger to public safety."); *United States v. Carter*, No. 23-cr-22, 2024 WL 4723236 (E.D. La. Nov. 8, 2024) (Brown, C.J.); *United States v. Blount*, No. 23-cr-30061, 2024 WL 4625092 (S.D. Ill. Oct. 30, 2024).

In sum, the Court concludes that § 922(g)(1) may be constitutionally applied to defendant. Given defendant's predicate felonies, the Court finds that he poses a substantial threat to public safety, such that disarming defendant accords with this Nation's historical tradition of firearm regulation. For this reason, defendant cannot demonstrate that he was prejudiced by his counsel's allegedly ineffective assistance as required by *Strickland*.

### b. Constitution-Based Challenges to § 922(g)(1)

As explained above, defendant raises three constitution-based challenges to his conviction pursuant to § 922(g)(1). The first concerns the constitutionality of § 922(g)(1) pursuant to the Second Amendment. The latter two arguments both concern the Commerce Clause.

Defendant's first contention regarding the constitutionality of § 922(g)(1) with respect to the Second Amendment fails. The Court has already concluded that defendants with criminal histories such as defendant's may be disarmed consistently with the Second Amendment.

Defendant's challenges concerning the Commerce Clause are clearly meritless pursuant to binding precedent. Defendant's contention that § 922(g)(1) requires more than a minimal nexus with interstate commerce was flatly rejected by the U.S. Supreme Court in *Scarborough v. United States*, 431 U.S. 563 (1977). There, the

Supreme Court held that "there is no question that Congress intended no more than a minimal nexus requirement." *Id.* at 577. Further, the Fifth Circuit has repeatedly recognized that Commerce-Clause challenges to the constitutionality of § 922(g)(1) are "foreclosed." *See, e.g., United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023). "Accordingly, both Supreme Court and circuit precedent foreclose [defendant]'s Commerce Clause challenge." *See United States v. Matlock*, No. 24-10579, 2025 WL 801356, at *2 (5th Cir. Mar. 13, 2025).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant Shawn P. Major, Jr.'s motion pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 31, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**